UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re ) | |
| ) | Chapter 7 |
| THE RUGGED BEAR COMPANY, ) | Case No. 11-10577-HJB |
| ) | |
| Debtor. ) | |
| ) | |

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY
TO SELL CERTAIN ASSETS BY WAY OF PUBLIC AUCTION**

     Stewart F. Grossman, the duly appointed Chapter 7 Trustee (the "Trustee") of the debtor The Rugged Bear Company (the "Debtor") hereby requests authority pursuant to Section 363 of the Bankruptcy Code, Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-5 and 6004-1 to sell, by way of public auction (the "Auction"), certain real estate known and numbered 105 Ponemah Road, Amherst, New Hampshire (the "Real Property").  The Trustee requests that he be authorized to sell the Real Property free and clear of all liens, claims, encumbrances and other interests (other than a lease that by its terms expires February 28, 2015), with all liens, claims, encumbrances or other interests attaching to the proceeds of the sale in the same order or priority as under applicable state law.

     In support thereof, the Trustee states as follows:

1.       On or about January 25, 2011 (the "Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

1

2. The Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on July 7, 2011. On July 8, 2011, Stewart F. Grossman was appointed Trustee.

3. Prior to 2010, Rugged Bear Inc. ("Rugged Bear, Inc.") was a corporation operating retail stores. Alan McDonough was the President, the Treasurer, and a Director of Rugged Bear, Inc. Alan McDonough's two sons, David McDonough and John McDonough also worked at Rugged Bear, Inc.

4. On or about January 25, 2010, RB Acquisition Corp. ("RB Acquisition"), entered into an Asset Purchase Agreement (the "Agreement") with Rugged Bear, Inc. and Alan McDonough to acquire all of the assets of Rugged Bear, Inc. The asset purchase was completed but the Real Property was not transferred.

5. Subsequently, RB Acquisition changed its name to The Rugged Bear Company (the "Debtor") and Rugged Bear, Inc changed its name to McBear, Inc.

6. The Trustee commenced an adversary proceeding, Adv. Proc 12-1203 (the "Adversary Proceeding") by filing a Complaint (the "Complaint") against Alan McDonough David McDonough, John McDonough and McBear Inc. (collectively, the "Defendants") on August 8, 2012 asserting, *inter alia*, that McBear, Inc. was obligated to transfer to the Debtor the Real Property under the terms of the Agreement.

7. The Defendants answered the Complaint on March 12, 2013 and disputed many of the allegations in the Complaint.

8. In order to avoid the costs and risks of litigation, the Parties resolved their disputes in a settlement agreement (the "Settlement Agreement") and moved for

the Court to approve the Settlement Agreement on July 8, 2013 which the Court did on August 8, 2013.

9. Pursuant to the Settlement Agreement, the Trustee and the Defendants agreed the Trustee would sell the Real Property free and clear of all liens pursuant to Section 363 of the Bankruptcy Code. The Settlement Agreement provides a formula through which the Trustee and the Defendants share in the profits of the sale of the Real Property after the mortgage and costs associated with the sale are paid.

10. The Trustee hired Leonard & Lee Company (the "Broker") to market and sell the Real Property.

11. The Trustee accepted an offer from Susan Bishop ("Bishop") to pay $410,000.00 for the Real Property.

12. The Trustee entered into a written Purchase and Sale Agreement (the "Purchase Agreement") dated May 14, 2014 with Bishop.

13. The Trustee filed a motion to approve the sale to Bishop on June 20, 2014, which the Court approved on July 30, 2014.

14. Bishop encountered complications with her financing and the Trustee granted her additional time to obtain financing and close on the sale of the Real Property.

15. After an extended period and numerous extensions, it became clear to the Trustee that Bishop would not be able to obtain financing and would be unable to complete the sale transaction.

16. On December 16, 2014, the Trustee gave Bishop formal notification that she had defaulted under the Purchase Agreement and had forfeited her deposit to the bankruptcy estate.

17. After further conversation with the Broker, and the expiration of her listing agreement, the Trustee has now decided to proceed by public auction.

18. The Trustee believes that through the notices and publications of the Auction as detailed below, the bankruptcy estate will obtain fair value for the Real Property.

19. By separate Motion, the Trustee is seeking authority to employ James R. St. Jean Auctioneers to conduct the Auction (the "Auctioneer").

20. The Auction will be advertised by the publishing of notices in local and regional publications, the posting of the sale on the internet and the sending of notices of the Auction to all parties in interest and to all parties who the Trustee and the Auctioneer regard as potential bidders.

21. The sale will be "AS IS" and "WHERE IS" without any representations or warranties of any kind including WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

22. To the best of the Trustee's knowledge, the only encumbrances on the Real Property is are two mortgages held by Bank of New England on the Debtor's interest in the Real Property which secure outstanding obligations totaling approximately **$243,328.85 as of January 8, 2015 a**nd a leasehold interest. The leasehold interest is a three-year lease (the "Lease") that expires on February 28, 2015. The Lease granted the tenant options to renew the term for up to four additional three-year periods with written notice to the landlord 180 days prior to each term's expiration. The landlord received no notice of renewal prior to the deadline (or otherwise), and therefore the tenant must legally vacate the Real

4

Property by March 1, 2015. To the extent it still gives any legal rights, however, the Property will be sold subject to the Lease.

23. The Real Property will be sold free and clear of all liens, claims, and encumbrances, including two mortgages in favor of Bank of New England but subject only to the Lease. Any perfected, enforceable, valid liens, claims, or encumbrances shall attach to the proceeds of the sale according to priorities established under applicable law.

24. The Trustee reserves the right to withdraw the Real Property from sale if, in his sole discretion, he deems the high bid received at the auction to be inadequate (because it does not raise enough to pay the mortgages and the auctioneer's commission and still have money left over for the bankruptcy estate).

25. The terms of the Auction are contained in the Chapter 7 Trustee's Notice of Intended Sale of Assets by Public Auction (the "Auction Notice") but are subject to change prior to the Auction.

26. If this Motion is approved by the Court, it is the Trustee's intention to sell the Real Property at a public auction to be held at the **Real Property on March 26, 2015**, **at 11:00 AM,** unless rescheduled by the Trustee and Auctioneer**.**

27. Filed contemporaneously with this Motion is a (Proposed) Notice of Intended Public Sale of Estate Property (the "Auction Notice").

28. The Trustee believes a public sale will net the bankruptcy estate proceeds in excess of the amount that would be obtained if the Real Property were sold by way of a private sale.

WHEREFORE, the Trustee requests that this Court enter an order:

a. Granting the Trustee the authority to sell the Real Property by way of a public auction free and clear of all liens, claims, encumbrances and interests with all liens, claims, encumbrances and interests attaching to the proceeds of the sale in the same order of priority as under applicable law, subject only to the Lease;

b. Authorizing the Trustee to pay the holders of all undisputed liens on the Real Property, specifically including the obligations secured by the two mortgages in favor of Bank of New England, from the sale proceeds without further Court order; and

c. Granting such other relief as is just and equitable.

Respectfully submitted,

STEWART F. GROSSMAN,
 CHAPTER 7 TRUSTEE,

By his attorneys,

 /s/ Adam J. Ruttenberg
Theodore W. Connolly, BBO 655827
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800
aruttenberg@lgllp.com

Dated:  February 11, 2015

6

## CERTIFICATE OF SERVICE

I, Adam J. Ruttenberg, hereby certify that on February 11, 2015, a true copy of **Chapter 7 Trustee's Motion for Authority to Sell Certain Assets by Way of Public Auction** (with proposed **Notice of Intended Public Auction Sale of Real Property at 105 Ponemah Road, Amherst, New Hampshire** attached thereto) was served on the following by first-class mail, postage prepaid:

Jay St. Jean
James R. St. Jean Auctioneers
45 Exeter Road
Epping, NH  03042

Karin L. Leonard
Leonard, Lee & Company, LLC
27 Route 101A
Amherst, NH 03031

Susan Bishop
c/o John T. McLaughlin, Esq.
Berluti McLaughlin & Kutchin LLP
44 School Street, 9th Floor
Boston, MA  02108

Bank of New England
31 Pelham Road
P.O. Box 29
Salem, NH 03079

AHN Animal Hospital Services, Inc.
168 Main Dunstable Road
Nashua, NH  03060

Citibank, N.A.
Payment Center
4740 121st Street
Urbandale, IA 50323

Thomas W. Daniels
1265 Scottsville Road
Rochester, NY 14624

Double Diamond Distribution Ltd.
2501 Jasper Avenue
Saskatoon, SK S7J2K2
CANADA

Craig R. Jalbert
Verdolino & Lowey P.C.
124 Washington Street
Foxborough, MA 02035

R. David Randall
20 Vernon St
Norwood, MA 02062

Gary P Sanginario
Gary P. Sanginario, PC
95A Turnpike Road
Westborough, MA 01581

U.S.A. Dawgs
4120 W. Windmill Lane, Unit 106
Las Vegas, NV 89139

The undersigned understands that the following persons received e-mail notices of this

filing:

- Kathleen Barclay barclay@maynardoconnorlaw.com
- Amato J. Bocchino abocchino@bg-llp.com
- Paul W. Carey pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com
- Craig Cavalier ccavalier@cavalierlaw.com
- Charles A. Dale chad.dale@klgates.com, bobankruptcyecf@klgates.com
- Joseph P. Davis davisjo@gtlaw.com, ponsettoj@gtlaw.com
- Joseph M. Downes jdownes@jdemeo.com
- Douglas M. Evans devans@kmelaw.com
- John Fitzgerald USTPRegion01.BO.ECF@USDOJ.GOV
- Joseph A. Foster joseph.foster@mclane.com, bankruptcy@mclane.com
- Taruna Garg tgarg@murthalaw.com
- Sherrill R. Gould sherryesq@yahoo.com
- Daniel B. Greenberg dbg@wilsonorcutt.com
- Jill K. Hauff jhauff@raphaelllc.com, kbullard@raphaelllc.com
- Honor S. Heath heathhs@nu.com, honor.heath@gmail.com
- Jennifer L. Hertz Jennifer.L.Hertz@usdoj.gov

- Michael J. Kenison michael.kenison@mclane.com, bankruptcy@mclane.com;michelle.swenson@mclane.com
- David Koha koha@casneredwards.com
- David B. Madoff madoff@mandkllp.com, alston@mandkllp.com
- William R. Moriarty wmoriarty@sassooncymrot.com
- Brian H. Mukherjee bmukherjee@goodwinprocter.com
- Marshall F. Newman mnewman@newmanlegal.com, jdamore@newmanlegal.com
- Gina Barbieri O'Neil gbarbieri@mirickoconnell.com,goneil@mirickoconnell.com, bankrupt@mirickoconnell.com
- Michael J. Pappone mpappone@goodwinprocter.com
- Joan E. Pilver joan.pilver@ct.gov
- David L. Pollack pollack@ballardspahr.com
- Hobart F. Popick hpopick@langrock.com, jmurray@langrock.com
- Steven C. Reingold sreingold@jagersmith.com, bankruptcy@jagersmith.com
- Thomas Richardson tmr@swiggartagin.com
- Richard S. Rosenstein rrosenstein@nutter.com
- Mark C. Rossi mcr@esher-rossi.com, mark.rossi@me.com;Esher.RossiECF@gmail.com
- Jamie Seaberry jseaberry@whitewiggins.com
- Mackenzie Shea mackenzie.shea@klgates.com, bobankruptcyecf@klgates.com
- Christopher R. Vaccaro cvaccaro@verizon.net
- James F. Wallack jwallack@goulstonstorrs.com
- Steven Weiss sweiss@ssfpc.com, alewkowicz@ssfpc.com

   /s/ Adam J. Ruttenberg  
   Adam J. Ruttenberg

4837-8774-1217, v. 1