UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re ) | |
| ) | Chapter 7 |
| THE RUGGED BEAR COMPANY, ) | Case No. 11-10577-HJB |
| ) | |
| Debtor. ) | |
| ) | |

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER
AUTHORIZING AND APPROVING PRIVATE SALE OF
105 PONEMAH ROAD, AMHERST, NEW HAMPSHIRE FREE
AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES**

Stewart F. Grossman, Chapter 7 trustee (the "Trustee") of the debtor The Rugged Bear Company (the "Debtor") hereby moves, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR Rule 2002-5 and 6004-1, for authority to sell to AHN North and South LLC (the "Buyer"), at a private sale, all of the Trustee's right, title and interest in 105 Ponemah Road, Amherst, New Hampshire (the "Real Property")[1], free and clear of all liens, claims, and encumbrances, with all liens, claims, and encumbrances to the extent valid attaching to the sale proceeds. The consideration for the sale will be a cash payment of $280,000.00. A form of Order authorizing and approving the proposed sale is submitted herewith. In further support of his motion, the Trustee states as follows:

---

[1] A motion to sell the Real Property by public auction (pleading no. 509, filed February 11, 2015) is currently pending before the Court and is scheduled for hearing on April 1, 2015 at 11:00 a.m. in the Video Conference Suite. The Trustee has now determined that the private sale proposed in this motion (based on an offer first received at the beginning of March) is superior to a public auction. Upon issuance of a hearing date for this private sale, the Trustee intends to request a continuance of the pending motion for public auction to the same date. The Trustee hopes to obtain authority to conduct a public auction as a "back-up" in the event the proposed private sale does not close.

1. On or about January 25, 2011 (the "Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. The Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on July 7, 2011.  On July 8, 2011, Stewart F. Grossman was appointed Trustee.

3. Prior to 2010, Rugged Bear Inc. ("Rugged Bear, Inc.") was a corporation operating retail stores.  Alan McDonough was the President, the Treasurer, and a Director of Rugged Bear, Inc.  Alan McDonough's two sons, David McDonough and John McDonough also worked at Rugged Bear, Inc.

4. On or about January 25, 2010, RB Acquisition Corp. ("RB Acquisition"), entered into an Asset Purchase Agreement (the "Agreement") with Rugged Bear, Inc. and Alan McDonough to acquire all of the assets of Rugged Bear, Inc.   The asset purchase was completed but the Real Property was not transferred.

5. Subsequently, RB Acquisition changed its name to The Rugged Bear Company (the "Debtor") and Rugged Bear, Inc changed its name to McBear, Inc.

6. The Trustee commenced an adversary proceeding, Adv. Proc 12-1203 (the "Adversary Proceeding") by filing a Complaint (the "Complaint") against Alan McDonough David McDonough, John McDonough and McBear Inc. (collectively, the "Defendants") on August 8, 2012 asserting, *inter alia*, that McBear, Inc. was obligated to transfer to the Debtor the Real Property under the terms of the Agreement.

7. The Defendants answered the Complaint on March 12, 2013 and disputed many of the allegations in the Complaint.

8. In order to avoid the costs and risks of litigation, the Parties resolved their disputes in a settlement agreement (the "Settlement Agreement") and moved for the Court to approve the Settlement Agreement on July 8, 2013 which the Court did on August 8, 2013.

9. Pursuant to the Settlement Agreement, the Trustee and the Defendants agreed the Trustee would sell the Real Property free and clear of all liens pursuant to Section 363 of the Bankruptcy Code. The Settlement Agreement provides a formula through which the Trustee and the Defendants share in the profits of the sale of the Real Property after the mortgage and costs associated with the sale are paid.

10. The Trustee hired Leonard & Lee Company (the "Broker") to market and sell the Real Property.

11. Pursuant to a Lease Agreement, the Real Property was occupied by AHN Animal Hospital Services, Inc. (the "Tenant") as tenant. The Lease Agreement ended by its terms on February 28, 2015.

12. The Trustee accepted an offer from Susan Bishop ("Bishop") to pay $410,000.00 for the Real Property. The Trustee understood Bishop to be related to the principal of the Tenant.

13. The Trustee entered into a written Purchase and Sale Agreement (the "Purchase Agreement") dated May 14, 2014 with Bishop.

14. The Trustee filed a motion to approve the sale to Bishop on June 20, 2014, which the Court approved on July 30, 2014.

15. Bishop encountered complications with her financing and the Trustee granted her additional time to obtain financing and close on the sale of the Real Property.

16. After an extended period and numerous extensions, it became clear to the Trustee that Bishop would not be able to obtain financing and would be unable to complete the sale transaction.

17. On December 16, 2014, the Trustee gave Bishop formal notification that she had defaulted under the Purchase Agreement and had forfeited her deposit to the bankruptcy estate.

18. After further conversation with the Broker, the Trustee decided to proceed by public auction. The Broker's listing agreement had expired and the Broker had stopped operating its business.

19. The Trustee filed a motion on February 11, 2015 to sell the Real Property by public auction. Such motion was scheduled for hearing on April 1, 2015. The Trustee also moved to employ James R. St. Jean Auctioneers (the "Auctioneers") as auctioneer, which motion has been allowed by the Court.

20. At the beginning of March the Trustee was contacted by a representative of the Buyer, which the Trustee understands is an affiliate of the Tenant. The Buyer explained that although the Lease Agreement for the Real Property had expired, the Tenant wished to stay on, and wanted to know if it was still possible to buy the Real Property at private sale. The Buyer further stated that its previous bid of $410,000.00 was far more than it believed the Real Property was worth and that it would offer a significantly reduced price. Finally, the Buyer explained that it finally had obtained financing for a reduced price.

21. After conversations with the Auctioneers, the Trustee determined that the amount now bid by the Buyer, $280,000.00, was in the approximate range of what would

likely be realized at a public auction. The Trustee therefore decided to accept the Buyer's offer. The Trustee insisted upon a $15,000.00 deposit that would be forfeited in the Buyer defaulted. The Trustee also intends to request authority to conduct a public auction as a "back-up" in the event the proposed private sale does not close.

22. The terms and conditions of the sale are fully described in a written Purchase and Sale Agreement (the "Purchase Agreement") dated March 25, 2015 attached hereto as **Exhibit "A"** and in a Notice of Intended Private Sale filed herewith.

23. The sale will be "AS IS" and "WHERE IS" without any representations or warranties of any kind including WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

24. The Real Property will be sold free and clear of all liens, claims, and encumbrances. To the best of the Trustee's knowledge, the only encumbrances on the Real Property are two mortgages held by Bank of New England on the Debtor's interest in the Real Property which secure outstanding obligations totaling approximately **$243,328.85 as of January 8, 2015**, and a leasehold interest. The Lease Agreement expired February 28, 2015, and therefore the Tenant now is at best a tenant at will. Any perfected, enforceable, valid liens, claims, or encumbrances shall attach to the proceeds of the sale according to priorities established under applicable law.

25. This Motion together with a form of Notice of Intended Private Sale has been served on counsel for the Buyer, counsel for the Defendants, the Auctioneers, the Broker, the mortgagee, the U.S. Trustee, counsel to the Debtor, and all counsel

who have requested to receive pleadings in this case. Upon the Court's issuance of a deadline for objections and counteroffers, and a hearing date, the Trustee will serve the Motion and Notice, if so approved by the Court, on all creditors and parties in interest as requested in the Motion to Limit Notice, filed concurrently herein.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order in the form attached hereto:

1. Authorizing sale of the Real Property in accordance with the terms and conditions described herein, free and clear of all existing liens, claims, and encumbrances, in consideration of $280,000.00 cash;

2. Ordering that any perfected, enforceable, valid liens, claims, or encumbrances in the Property shall attach to the proceeds of the sale according to priorities established under applicable law;

3. Authorizing the Trustee to disburse at closing all usual and customary closing costs and adjustments, if any, including payment of mortgage;

4. Authorizing the Trustee to take all actions and execute all documents and instruments that are necessary or desirable to consummate the sale, whether such documents are now known or become known or necessary in the future; and

- 7 -

5. Granting such other and further relief as this Court deems just and proper.

> Respectfully submitted,
>
> STEWART F. GROSSMAN,
>  CHAPTER 7 TRUSTEE,
>
> By his attorneys,
>
> /s/ Adam J. Ruttenberg
> Adam J. Ruttenberg, BBO 553158
> LOONEY & GROSSMAN LLP
> 101 Arch Street
> Boston, MA  02110
> (617) 951-2800
> aruttenberg@lgllp.com

Dated:  March 25, 2015

## CERTIFICATE OF SERVICE

I, Adam J. Ruttenberg, hereby certify that on March 25, 2015, a true copy of **Chapter 7 Trustee's Motion for Order Authorizing and Approving Private Sale of 105 Ponemah Road, Amherst, New Hampshire Free and Clear of All Liens, Claims, and Encumbrances** (with proposed **Notice of Private Sale** and proposed **Order** attached thereto) was served on the following by first-class mail, postage prepaid:

Jay St. Jean
James R. St. Jean Auctioneers
45 Exeter Road
Epping, NH  03042

Karin L. Leonard
Leonard, Lee & Company, LLC
27 Route 101A
Amherst, NH 03031

AHN North and South LLC
c/o John T. McLaughlin, Esq.
Berluti McLaughlin & Kutchin LLP
44 School Street, 9th Floor
Boston, MA  02108

Bank of New England
31 Pelham Road
P.O. Box 29
Salem, NH 03079

Citibank, N.A.
Payment Center
4740 121st Street
Urbandale, IA 50323

Thomas W. Daniels
1265 Scottsville Road
Rochester, NY 14624

Double Diamond Distribution Ltd.
2501 Jasper Avenue
Saskatoon, SK S7J2K2
CANADA

Craig R. Jalbert
Verdolino & Lowey P.C.
124 Washington Street
Foxborough, MA 02035

R. David Randall
20 Vernon St
Norwood, MA 02062

Gary P Sanginario
Gary P. Sanginario, PC
95A Turnpike Road
Westborough, MA 01581

U.S.A. Dawgs
4120 W. Windmill Lane, Unit 106
Las Vegas, NV 89139

The undersigned understands that the following received e-mail notices of this filing:

- Kathleen Barclay barclay@maynardoconnorlaw.com

- Amato J. Bocchino abocchino@bg-llp.com

- Paul W. Carey pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com

- Craig Cavalier ccavalier@cavalierlaw.com

- Charles A. Dale chad.dale@klgates.com, bobankruptcyecf@klgates.com

- Joseph P. Davis davisjo@gtlaw.com, ponsettoj@gtlaw.com

- Joseph M. Downes jdownes@jdemeo.com

- Douglas M. Evans devans@kmelaw.com

- John Fitzgerald USTPRegion01.BO.ECF@USDOJ.GOV

- Joseph A. Foster joseph.foster@mclane.com, bankruptcy@mclane.com

- Taruna Garg tgarg@murthalaw.com

- Sherrill R. Gould sherryesq@yahoo.com

- Daniel B. Greenberg dbg@wilsonorcutt.com

- Jill K. Hauff jhauff@raphaelllc.com, kbullard@raphaelllc.com

- Honor S. Heath heathhs@nu.com, honor.heath@gmail.com

- Jennifer L. Hertz Jennifer.L.Hertz@usdoj.gov

- Michael J. Kenison michael.kenison@mclane.com, bankruptcy@mclane.com;michelle.swenson@mclane.com

- David Koha koha@casneredwards.com

- David B. Madoff madoff@mandkllp.com, alston@mandkllp.com

- William R. Moriarty wmoriarty@sassooncymrot.com

- Brian H. Mukherjee bmukherjee@goodwinprocter.com

- Marshall F. Newman mnewman@newmanlegal.com, jdamore@newmanlegal.com

- Gina Barbieri O'Neil gbarbieri@mirickoconnell.com,goneil@mirickoconnell.com, bankrupt@mirickoconnell.com

- Michael J. Pappone mpappone@goodwinprocter.com

- Joan E. Pilver joan.pilver@ct.gov

- David L. Pollack pollack@ballardspahr.com

- Hobart F. Popick hpopick@langrock.com, jmurray@langrock.com

- Steven C. Reingold sreingold@jagersmith.com, bankruptcy@jagersmith.com

- Thomas Richardson tmr@swiggartagin.com

- Richard S. Rosenstein rrosenstein@nutter.com

- Mark C. Rossi mcr@esher-rossi.com, mark.rossi@me.com;Esher.RossiECF@gmail.com

- Jamie Seaberry jseaberry@whitewiggins.com

- Mackenzie Shea mackenzie.shea@klgates.com, bobankruptcyecf@klgates.com

- Christopher R. Vaccaro cvaccaro@verizon.net

- James F. Wallack jwallack@goulstonstorrs.com

- Steven Weiss sweiss@ssfpc.com, alewkowicz@ssfpc.com

    /s/ Adam J. Ruttenberg
    Adam J. Ruttenberg

4841-0988-9826, v. 1